IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

SUBLIMITY HARVEST FOUNDATION,

        Plaintiff,

        v.

BLEACHER BUILDERS INCORPORATED;
CHARLES A. JORDAN; and NORTH
CAROLINA WELDING LLC,

        Defendants.

Case No. 6:24-cv-01140-MC

OPINION AND ORDER

**MCSHANE, Judge**:

    Plaintiff Sublimity Harvest Foundation brings a claim for breach of contract, alleging that Defendants Bleacher Builders Incorporated, North Carolina Welding LLC, and Charles A. Jordan failed to install grandstand bleachers as contracted. Notice Removal, ECF No. 1. In the alternative, Plaintiff brings a claim of unjust enrichment for the $125,000 Plaintiff paid Defendants. *Id.* Defendants move to dismiss Plaintiff's claims. Defs.' Mot. Dismiss, ECF No. 3. For the reasons discussed below, Defendants' Motion to Dismiss is GRANTED in part and DENIED in part.

1 – Opinion & Order

## BACKGROUND[1]

In April 2019, Plaintiff contracted with Bleacher Builders to construct a grandstand for use at the annual Sublimity Harvest Festival. *Id.* at ¶ 6. By the end of June 2019, Plaintiff had paid Bleacher Builders $125,000 of the total $225,000 due under the contact. *Id.* at ¶ 8–11. However, Bleacher Builders provided unusable materials and failed to construct the bleachers. *Id.* at ¶ 16–21.

In March 2021, Plaintiff came to an amended agreement with Defendants for North Carolina Welding and Mr. Jordan to provide a substitute set of bleachers. *Id.* at ¶ 25. Defendants would retain the $125,000 and receive the remaining contract balance of $100,000. *Id.* However, the substitute bleachers never arrived and Defendants ceased communications with Plaintiff. *Id.* at ¶ 28. Plaintiff then filed this suit on March 15, 2024. Notice Removal.

## STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at

---

[1] At the motion to dismiss stage, this Court takes all of Plaintiff's allegations as true. *See Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000).

555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

### I. Breach of Contract

Plaintiff contends that Defendants failed to deliver and install bleachers as contracted. Notice Removal ¶ 37. Defendants argue that the contract is governed by the Uniform Commercial Code ("UCC") as adopted by Oregon. Defs.' Mot. Dismiss 4. Defendants argue that Plaintiff's claim is time-barred because the UCC has a four-year statute of limitation. *Id.* at 5. Plaintiff, meanwhile, argues that the six-year statute of limitations under ORS 12.080 applies and therefore their claim is not time-barred. Pl.'s Resp. 5, ECF No. 5.

The UCC applies to contracts for the sale of goods. Or. Rev. Stat. § 72.1020. Here, the parties agree the contract involves the provision of goods and services. Defs.' Reply 2, ECF No. 8; Pl.'s Resp. 5. To determine whether the UCC applies to a contract for both goods and services, courts "look to essence of the agreement." *RRX Indus., Inc. v. Lab-Con, Inc.*, 772 F.2d 543, 546 (9th Cir. 1985). In this analysis, "a court should consider whether 'the predominant factor,' 'thrust,' or 'purpose' of the contract 'is the rendition of service, with goods incidentally involved . . . or is a transaction of sale, with labor incidentally involved '" *Gregory Funding LLC v. Saksoft, Inc.*, No. 3:16-CV-480-SI, 2016 WL 4480693 (D. Or. Aug. 24, 2016) (quoting *U.S. ex rel. Bartec Indus., Inc. v. Union Pac. Co.*, 976 F.2d 1274, 1277 (9th Cir. 1992)).

In *Bartec*, the contract involved the provision of steel beams for a construction project with the rendition of some related services. 976 F.2d at 1277. The party providing the beams "did not agree to perform any labor at the [construction] site or to assist . . . in any way with the

construction." *Id.* The court in that case determined that the fact that the contract "did not include provisions for assisting in the actual construction of the project" was dispositive in determining that it was a contract for the sale of goods, not services. *Id.* The court then applied the UCC to the contract. *Id.*

In contrast to the contract in *Bartec*, this contract includes provisions for assisting in the actual construction of the project. While defendants assert that "[t]he services required to install the Bleachers were exempted from the Contract itself," the explicit terms of the contract show otherwise. Defs.' Reply 5. The contract directs Bleacher Builders to "construct a Grandstand" and provide the labor to do so. Notice Removal 13. As the predominant thrust of the contract is the provision of services, the UCC does not apply, and Plaintiff's claim is not time-barred.

## II. Unjust Enrichment

Defendants argue that Plaintiff's unjust enrichment claim against Bleacher Builders is precluded because a valid and legally enforceable contract exists between Bleacher Builders and Plaintiff. Defs.' Mot. Dismiss 6–7. The Court agrees. Plaintiff's complaint fails to allege sufficient facts to allow an unjust enrichment claim against Bleacher Builders. The claim—as it pertains to Bleacher Builders—is dismissed with leave to amend.

Defendants also argue that Plaintiff's unjust enrichment claim against Mr. Jordan and North Carolina Welding must be dismissed because Plaintiff does not allege a benefit conferred to those defendants. *Id.* at 7–8. Here, the Court disagrees. At the motion to dismiss stage, Plaintiff's allegations that they "conferred upon Defendants . . . $125,000 in cash payments" and that "Defendants were aware that they received the $125,000 from Plaintiff" are sufficient to maintain a claim of unjust enrichment against Mr. Jordan and North Carolina Welding. Notice Removal ¶ 46–47.

## **CONCLUSION**

Defendant's Motion to Dismiss (ECF No. 3) is GRANTED in part and DENIED in part. Plaintiff has 28 days to amend their complaint.

IT IS SO ORDERED.

DATED this 27th day of September, 2024.

_____/s Michael McShane_____
Michael J. McShane
United States District Judge